**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**NEW ALBANY DIVISION**

| | |
|---|---|
| JUSTIN J. MARTIN, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 4:20-cv-00046-TWP-DML |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

**ORDER DENYING MOTION FOR RELIEF PURSUANT TO 28 U.S.C. § 2255
AND DENYING CERTIFICATE OF APPEALABILITY**

This matter is before the Court on Motion to Vacate, Set Aside or Correct Sentence filed by Petitioner Justin Martin ("Martin"), (Dkt. 1). For the reasons explained in this Order, the motion for relief pursuant to 28 U.S.C. § 2255 must be **denied** and the action dismissed with prejudice. In addition, the Court finds that a certificate of appealability should not issue.

## I. THE § 2255 MOTION

A motion pursuant to 28 U.S.C. § 2255 is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See Davis v. United States*, 417 U.S. 333, 343 (1974). A court may grant relief from a federal conviction or sentence pursuant to § 2255 "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "Relief under this statute is available only in extraordinary situations, such as an error of constitutional or jurisdictional magnitude or where a fundamental defect has occurred which results in a complete miscarriage of justice." *Blake v. United States*, 723 F.3d 870, 878-79

(7th Cir. 2013) (citing *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996); *Barnickel v. United States*, 113 F.3d 704, 705 (7th Cir. 1997)).

## II. FACTUAL BACKGROUND

In the summer of 2015, Martin was involved in the robberies of several cellular phone stores. As a result, he was indicted and charged with the following crimes: Conspiracy To Commit Robbery, in violation of 18 U.S.C. § 1951(a) ("Hobbs Act Robbery") (Count One); Conspiracy To Brandish A Firearm In Furtherance Of A Crime Of Violence, in violation of 18 U.S.C. § 924(o) (Count Two); Robbery, in violation of 18 U.S.C. § 1951(a) (Count Three); and Brandishing A Firearm In Furtherance Of A Crime Of Violence, to wit, Robbery, in violation of 18 U.S.C. § 924(c) and 18 U.S.C. § 2. (Count Four). *United States v. Martin*, 4:15-cv-25-TWP-VTW-10 ("Cr. Dkt.") (Dkt. 425.)

In July 2017, Martin petitioned to plead guilty to Counts One, Three, and Four. (Cr. Dkt. 501.) The plea agreement referenced the Government's submission of facts that supported Martin's pleas of guilty and described his participation:

> Specifically as to Justin Martin, Martin joined the conspiracy on or about July 28, 2015. He participated in at least three of the robberies. They were Clarksville, IN, Batavia, IL, and Orland Park, IL. In each of the robberies he would enter into the retail cell phone location and typically was the gun holder and would load cell phones and electronic devices into trash bags. For example, in the armed robbery that occurred at the T-Mobile wireless retail cell phone store in Orland Park, IL on September 13, 2015, the video surveillance displays Martin brandishing a firearm and also loading cellular phones and devices into a black trash bag.

(Cr. Dkt. 523) (Exhibit A to the Plea Agreement). At the change of plea hearing, the prosecutor explained that Martin disputed that he entered the store in the Clarksville robbery on July 27, 2015, but conceded he was the getaway driver and knew that firearms were going to be brandished. (Cr. Dkt. 745 at 21-22.)

At his sentencing hearing, Martin again questioned the Court regarding his § 924(c) violation in Count 4 and the Court explained that he was liable for brandishing a firearm during that robbery because he aided and abetted that action.

> THE DEFENDANT: . . . I'm trying to understand how – it's understood that I didn't brandish a firearm at the Clarksville store. How am I being charged with actually brandishing a firearm if I did not brandish a firearm? How am I charged with Count 4 of the indictment and not Count 2?
>
> THE COURT: Because of the conspiracy.
>
> THE PROSECUTOR: Count 4 has the aider and abettor, so, essentially it's the substantive count, but it is a 924(c) and so he is on aider and abettor liability for the 924(c).

(Cr. Dkt. 725 at 13.)  The Court then proceeded to sentence Martin.

Martin never sought to withdraw his guilty plea, but he did appeal his § 924(c) conviction. *United States v. Grisson*, 760 F. App'x 448, 454-56 (7th Cir. 2019).  Martin argued, among other things, that Hobbs Act Robbery is not a crime of violence, so his conviction for brandishing a firearm while committing the robbery was invalid. *Id.* at 455.  The Seventh Circuit found that the argument was "foreclosed by the appellate waiver, but also it would be frivolous because . . . Hobbs Act robbery is indeed a crime of violence under 18 U.S.C. § 924(c)(3)(A)." *Id.* (citing *United States v. Fox*, 878 F.3d 574, 579 (7th Cir. 2017)).

Martin then filed this § 2255 motion.

### III. DISCUSSION

In support of his § 2255 motion, Martin argues that, under *Johnson v. United States*, 559 U.S. 133 (2015), and *United States v. Davis*, 139 S. Ct. 2319 (2019), Hobbs Act Robbery is not a crime of violence and therefore cannot support his § 924(c) conviction for brandishing a firearm during and in relation to a crime of violence.  Similarly, Martin argues that his appellate counsel was ineffective by failing to argue that Hobbs Act Robbery and aiding and abetting Hobbs Act

3

Robbery are not crimes of violence. Finally, Martin argues that his counsel was ineffective for failing to challenge the allegation that he had brandished a firearm in Count 4.

A petitioner claiming ineffective assistance of counsel bears the burden of showing (1) that trial counsel's performance fell below objective standards for reasonably effective representation and (2) that this deficiency prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 688–94 (1984); *United States v. Jones*, 635 F .3d 909, 915 (7th Cir. 2011). If a petitioner cannot establish one of the *Strickland* prongs, the court need not consider the other. *Groves v. United States,* 755 F.3d 588, 591 (7th Cir. 2014).

A.  **Crime of Violence**

Martin argues that, under *Johnson* and *Davis*, Hobbs Act Robbery is not a crime of violence for purposes of his brandishing conviction under § 924(c) and that his counsel provided ineffective assistance by failing to raise the argument during plea negotiations and on appeal.

In *Johnson*, the Supreme Court held that the so-called residual clause of the Armed Career Criminal Act was unconstitutional. The Supreme Court later applied *Johnson'*s reasoning to the residual clause of § 924(c) in *Davis*. 139 S. Ct. 2319 (2019). Section 924(c)(1)(A) imposes minimum sentences for possessing, brandishing, or discharging a firearm "in relation to any crime of violence or drug trafficking crime." 18 U.S.C § 924(c)(1)(A). Section 924(c)(3) defines "crime of violence" to include any felony that either" "(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another," often referred to as the elements clause or force clause, or "(B) by its nature, involves a substantial risk that physical force against the person or property of another may be used," referred to as the residual clause. The *Davis* court held that § 924(c)'s residual clause is unconstitutionally vague. 139 S.Ct. at 2336. But Hobbs Act robbery is a crime of violence under the still-valid "force clause" of § 924(c)(3)(A).

4

*See United States v. Rivera*, 847 F.3d 847, 849 (7th Cir. 2017). Because Hobbs Act Robbery is a crime of violence for purposes of § 924(c), Martin's conviction under § 924(c) remains valid even under *Davis* and his counsel was not ineffective for failing to argue otherwise. *See Warren v. Baenen,* 712 F.3d 1090, 1104 (7th Cir. 2013) ("Counsel is not ineffective for failing to raise meritless claims.").

Moreover, this argument was considered and rejected on appeal. The Seventh Circuit explained:

> Finally, Martin asserts in his Rule 51(b) response that Hobbs Act robbery is not a crime of violence, so his conviction for brandishing a firearm while committing the robbery cannot stand. Not only would this argument about his conviction be foreclosed by the appellate waiver, but also it would be frivolous because, as mentioned above, Hobbs Act robbery is indeed a crime of violence under 18 U.S.C. § 924(c)(3)(A). *See* [*United States v. Fox*, 878 F.3d 574, 579 (7th Cir. 2017)]. To the extent that Martin argues, as Kemp does, that his conviction for conspiracy to commit robbery is not a violent felony, the point again is irrelevant because robbery was the predicate offense.

*United States v. Grissom*, 760 F. App'x 448, 455–56 (7th Cir. 2019). Like Martin's trial counsel, his appellate counsel was not ineffective for failing to raise an argument that would fail. *See Blake v. United States*, 723 F.3d 870, 888 (7th Cir. 2013).

**B.** **Brandishing**

Martin also argues that his counsel was ineffective for failing to challenge the allegation that he "brandished" a firearm during the July 27, 2015, robbery in Clarksville, Indiana. Martin asserts that he was not in the store during that robbery and that he did not brandish a firearm. He concludes therefore that his brandishing conviction is invalid.

First, Martin raised this issue at his change of plea hearing and sentencing hearing and ultimately continued with his guilty plea. (Cr. Dkt. 745 at 21-22; Cr. Dkt. 725 at 8, 10, 13-14.) Moreover, not only was he charged with brandishing a firearm during that robbery, but he was

5

also charged under 18 U.S.C. § 2 with aiding and abetting that crime. (Cr. Dkt. 425 at 6.) Section 2 provides:

> (a) Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal.
>
> (b) Whoever willfully causes an act to be done which if directly performed by him or another would be an offense against the United States, is punishable as a principal.

18 U.S.C. § 2.

The prosecutor explained that Martin aided and abetted the Clarksville robbery by driving the getaway car and Martin knew that firearms were going to be brandished[1]. (Cr. Dkt. 745 at 21-22.) When asked, Martin agreed that everything in the factual basis was the truth and that he did not need to change or correct anything else about it. *Id.* He proceeded to plead guilty. *Id.* at 28.

Martin goes on to argue that his conviction is invalid under *Rosemond v. United States*, 572 U.S. 65 (2014), but *Rosemond* holds that "[a]n active participant in a drug transaction has the intent needed to aid and abet a § 924(c) violation when he knows that one of his confederates will carry a gun." 572 U.S. at 77. Because Martin admitted that he knew a firearm would be brandished at the Clarksville robbery, he cannot challenge that finding now. *See Hurlow v. United States*, 726 F.3d 958, 968 (7th Cir. 2013) ("[R]epresentations made to a court during a plea colloquy are presumed to be true.") (citation and internal quotation marks omitted). Martin therefore has failed to show any deficient performance by his counsel by failing to challenge the claim that he aided or abetted brandishing a firearm in the Clarksville robbery.

---

[1] Specifically, the Government stated "[y]our Honor, based upon discussion with Mr. Darling before coming on the record today, Mr. Martin disputes that he entered the store in Clarksville, Indiana, but concedes that he was the driver -- getaway driver for that one but acknowledges knowing what was going to occur as well as the firearms were going to be brandished." (Cr. Dkt. 745 at 21-22.)

## IV. CONCLUSION

For the reasons explained in this Order, Justin Martin is not entitled to relief on his § 2255 motion. There was no ineffective assistance of counsel. Accordingly, his motion for relief pursuant to § 2255 is **DENIED** and this action is **DISMISSED with prejudice**. Martin's Motion For Status, (Dkt. [29]), is **GRANTED** consistent with this ruling. Judgment consistent with this Order shall now issue and the Clerk shall **docket a copy of this Order in No. 4:15-cr-00025-TWP-VTW-10.** The motion to vacate, (Crim. Dkt. [823]), shall also be **terminated** in the underlying criminal action.

## V. DENIAL OF CERTIFICATE OF APPEALABILITY

A habeas petitioner does not have the absolute right to appeal a district court's denial of his habeas petition; rather, he must first request a certificate of appealability. *See Miller–El v. Cockrell*, 537 U.S. 322, 335 (2003); *Peterson v. Douma*, 751 F.3d 524, 528 (7th Cir. 2014). Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2255 proceedings, and 28 U.S.C. § 2253(c), the Court finds that Martin has failed to show that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The Court therefore **DENIES** a certificate of appealability.

**SO ORDERED.**

Date: 11/5/2021

*[signature]*

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Justin J. Martin, #50909-424
GILMER FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. Box 6000
Glenville, West Virginia  26351

Bradley Paul Shepard
UNITED STATES ATTORNEY'S OFFICE
brad.shepard@usdoj.gov